UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>             Plaintiff,<br><br>       v.<br><br>STAMBAUGH, et al.,<br><br>             Defendants. | No.  2:14-cv-1170 WBS AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff was directed to provide a completed affidavit in support of his in forma pauperis request. See ECF No. 4 (order filed May 19, 2014).  Plaintiff subsequently submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 7.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421(1969).

Plaintiff names two individual defendants: Sacramento Police Officers Stambaugh and Southward. Plaintiff alleges that on an unspecified occasion while he was being booked into Sacramento County Main Jail by the defendants, "unidenti[f]ied Sacramento County Medical staff demanded" that plaintiff's vital signs be taken, i.e., "blood pressure, pulse and breathing." Plaintiff refused to cooperate, stating "that the information form they were attempting to complete was offered in evidence in a previous criminal case." Plaintiff was then surrounded by several unnamed county sheriff's officers, as well as arresting officers Stambough and Southward and two unidentified female medical personnel. While an officer named Voss videotaped the encounter, a sergeant directed officers who forced plaintiff to the floor while his hands were cuffed behind his back. Plaintiff was pinned to the floor, his legs immobilized and arms twisted, "while the two medical personnel ran from side to side taking [plaintiff's] vitals against [his] expressed wishes." Plaintiff seeks compensatory and punitive damages and that "all involved" be criminally charged. Complaint, ECF No. 1 at 3.

<u>Fourth Amendment</u>

An excessive force claim arising in the context of an arrest invokes the protections of the Fourth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989). Accordingly, the Fourth Amendment reasonableness standard applies. <u>Pierce v. Multnomah County, Oregon</u>, 76 F.3d 1032, 1043 (9th Cir.), <u>cert. denied</u>, 519 U.S. 1006 (1996). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." <u>Graham</u>, 490 U.S. at 396 (internal citations omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." <u>Id.</u> at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." <u>Id.</u> at 396-97.

Plaintiff describes an incident in which he evidently chose to resist what appears to be a standard jail booking procedure. Plaintiff has not alleged facts that demonstrate that, in light of his admitted refusal to cooperate, he was subjected to unreasonable force. The complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect... .") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: September 30, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE