UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE, | No. 2:14-cv-1170 WBS AC P |
| Plaintiff, | |
| v. | ORDER and |
| STAMBAUGH, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I.   Introduction

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at California State Prison Solano (CSP-SOL), under the authority of the California Department of Corrections and Rehabilitation (CDCR). This action proceeds on plaintiff's First Amended Complaint (FAC), filed October 16, 2014.[1]  See ECF No. 12.

Presently pending is a motion to dismiss filed by defendant L. Voss, a Sacramento County Sheriff's Deputy and one of the three defendants in this action. Defendant Voss' motion is premised on plaintiff's allegedly ineffective service of process. See ECF No. 21. Plaintiff has

---

[1] Unless otherwise noted, plaintiff's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1

filed an opposition to defendant's motion, ECF No. 22; defendant has filed a reply, ECF No. 23. This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, this court recommends that defendants' motion to dismiss be denied, and that plaintiff be granted additional time to perfect service of process on all three defendants.

II.     Background

By order filed June 2, 2015, this court screened plaintiff's FAC pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. 1915A(a), and found the allegations therein sufficient to state cognizable Eighth Amendment claims against each defendant based on conduct that allegedly occurred during plaintiff's booking into the Sacramento County Jail in November 2012. The court found that the FAC states a claim against defendant Voss for failure to intervene, and claims for excessive force against defendants Stambaugh and Southward, both Sacramento City Police Officers.  See ECF No. 14.  Pursuant to the same order, and premised on plaintiff's in forma pauperis status, the court directed plaintiff to submit the information necessary for the United States Marshal to serve process on defendants.  Id.  Relying on the information submitted by plaintiff, see ECF No. 15, and pursuant to subsequent court order, ECF No. 16, the Marshal initially attempted to secure defendants' waivers of service by mail, pursuant to requests sent June 19, 2015.

The court directed the Marshall to effect personal service of process on each defendant who failed to return a waiver within sixty days, in accordance with the provisions of 28 U.S.C. § 566(c) and Rule 4, Federal Rules of Civil Procedure.  Receiving no waivers or other responses by mail, the Marshal attempted personal service on each defendant at the addresses provided by plaintiff.  Thereafter, the Marshal submitted three separate "Process Receipt and Return" forms, indicating execution of personal service of process on each defendant on December 29, 2015. See ECF No. 18.  The Marshal requested reimbursement for associated expenses.  ECF No. 19. By order filed January 12, 2016, the court directed each defendant to reimburse the Marshal for

////

////

1   the costs incurred in effecting their respective personal service of process.  See ECF No. 20.[2]  The

2   court directed each defendant to pay the appropriate sum to the Marshall within fourteen days

3   after the filing date of the court's order, or, within the same period of time, to file a written

4   statement showing good cause for defendant's failure to waive personal service.  Id. at 2.

5       The only defendant to respond to the court's order was Voss, whose attorney has specially

6   appeared by filing the pending motion to dismiss pursuant to Rule 12(b)(5)[3] (authorizing motion

7   to dismiss premised on "insufficient service of process").  Defendant Voss asserts that plaintiff

8   did not complete service of process within 90 days after the filing of his FAC, as required by Rule

9   4(m),[4] and requests that the court vacate its January 12, 2016 order imposing costs because he

10  was never personally served.  See ECF No. 21.

11      Service of process was directed to defendant Voss at the Sacramento County Sheriff's

12  Main Jail, at 651 I Street, Sacramento, and personally served on "Peter Crest (sic), Legal

13  Division, 711 G Street, Sacramento."  ECF No. 18 at 3.  Mr. Peter Cress has filed a declaration in

14  support of defendant Voss' motion to dismiss, wherein he attests he is "the Legal Advisor for the

15  Sacramento County Sheriff's Department" and has held the position for approximately six years.

16  See Declaration of Peter Cress (Cress Decl.), ECF No. 21-2, ¶ 1.  Mr. Cress avers that he received

17  a mailed Waiver of Service for defendant Voss in June of 2015, but did not accept service of

18  process on defendant's behalf because defendant was not then employed by the Sheriff's

19  Department and had not authorized Cress to accept service of process on her behalf.  Id. ¶¶ 4-7.

20  Mr. Cress states that defendant Voss was employed by the Sacramento County Sheriff's

21  Department from May 1998 to March 2015; and retired on March 10, 2015.  Id. ¶¶ 2-3.  Mr.

22  Cress avers that he has "never spoken" with defendant Voss, and does not have authority to

23  accept service of process on her behalf.  Id. ¶¶ 7-8.

24      Significantly, no defendant other than Voss has responded to the Marshal's putative

25  personal service of process, and no defendant has filed a response to the FAC.  Due to defendant

---

[2] Specifically, the court directed defendants Southward and Stambaugh each to reimburse $33.07 to the United States Marshal, and defendant Voss to reimburse $66.15.  See ECF No. 20.
[3] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.
[4] Rule 4(m) previously accorded 120 days within which to complete service of process, as demonstrated by inconsistent references in the pending motion.

1  Voss' motion, and the failure of any defendant to file a response to the FAC (required within 21
2  days after personal service, see Rule 12(a)(1)(A)(i)), court staff contacted the Marshal to
3  determine whether any defendant had provided reimbursement for the costs of personal service;
4  none have.  Thus, with the exception of defendant Voss' current special appearance, no defendant
5  has appeared in this action.[5]  It appears, therefore, that all of the information submitted by
6  plaintiff for the purpose of serving process on defendants was inaccurate.

      III.     Legal Standards

Pursuant to Rule 12(b)(5), a defendant may move to dismiss an action based on "insufficient service of process."  The sufficiency of service is assessed according to the requirements of Rule 4, which include the procedures for obtaining a waiver of service, and for effecting personal service of process.  See Rule 4(d) and (e), respectively.

The Ninth Circuit Court of Appeals accords the provisions of Rule 4 "a liberal and flexible construction."  Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).  A party's failure to strictly comply with Rule 4's personal service requirement "does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Id. (fn. omitted).  A party's "pro se status, alone, is not a justifiable excuse" for a defect in service.  Graham v. United States, 79 Fed. Appx. 992, 994 (9th Cir. 2003).

If a court determines that service of process was not timely made on a defendant, the court has discretion to "dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Rule 4(m).  "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.

      IV.     Discussion

It is clear that no defendant has been served process in this action, or otherwise properly

---

[5] Service of process was directed to defendant Sacramento Police Officers Stambaugh and Southward at the office of the Sacramento City Attorney, 915 I Street, Room 4010, Sacramento, and personally served by the Marshal at that address on "Council Clerk Staff Assistant Carole James."  See ECF No. 18 at 1-2.

informed of this action, either by receipt of a mailed request to waive service of process or pursuant to the Marshal's attempts to effect personal service. Because none of the requirements of Rule 4 have been met, there has been "insufficient service of process" as to each defendant, authorizing dismissal of this action under Rule 12(b)(5). However, the undersigned recommends that this court exercise its discretion under Rule 4(m) to accord plaintiff additional time within which to submit accurate information for the Marshal to serve process on each defendant.

Plaintiff's opposition to the motion is limited to his assertion that defendant Voss now has actual notice of this action. See ECF No. 22. However, this factor alone is not persuasive, particularly because plaintiff has not offered a justifiable excuse for failing to provide accurate service information for any defendant. Nevertheless, plaintiff would be prejudiced by dismissal of this action, and it does not appear that any defendant would be prejudiced by according plaintiff additional time to obtain the information necessary to achieve proper service of process. Review of these factors weighs against dismissal. See Borzeka, 739 F.2d at 447. Moreover, it is common in pro se cases, particularly pro se prisoner cases, for plaintiffs to require additional time to identify defendants' accurate service information.

Accordingly, the undersigned recommends that this court deny defendant Voss' motion to dismiss, and accord plaintiff additional time within which to submit accurate information for the United States Marshal to serve process on each defendant.

V.   Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. This court's order filed January 12, 2016, ECF No. 20, is vacated; no defendant is required to reimburse the U.S. Marshal for the attempts of his staff to effect personal service on any defendant.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Defendant Voss' motion to dismiss filed January 21, 2016, ECF No. 21, be denied without prejudice; and

2. Should the district judge adopt these findings and recommendations, it be further ordered that:

5

      a. The Clerk of Court be directed to send plaintiff, together with a copy of the district judge's order, three (3) USM-285 forms.[6]

      b. Plaintiff be directed to submit to the court, within sixty days after the filing date of the district judge's order, a newly-completed USM-285 form for each defendant, or show good cause why he cannot provide such information.[7]

      c. This case be referred back to the undersigned magistrate judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 17, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff need not submit another summons or additional copies of his seven-page FAC, ECF No. 12.

[7] Plaintiff may attempt to obtain such information through the California Public Records Act, California Government Code § 6250 et seq., or by other means available to plaintiff, e.g., a direct inquiry to CDCR and/or specially appearing counsel for defendant Voss. If access to the required information is denied or unreasonably delayed, plaintiff may request judicial intervention.