UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>Plaintiff,<br><br>v.<br><br>STAMBAUGH, et al.,<br><br>Defendants. | No. 2:14-cv-1170 WBS AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action challenging his treatment when he was booked into the Sacramento County Main Jail as a pretrial detainee on November 11, 2012. This action currently proceeds on the First Amended Complaint (FAC), on plaintiff's claims that defendants Stambaugh and Southward used excessive force against plaintiff, while defendant Voss, who filmed the incident, failed to intervene. See ECF No. 12. The incident took place when plaintiff refused to allow his "vitals" (blood pressure, pulse and respiration) to be taken, which he alleges he had the right to refuse. See ECF No. 14.

Currently pending is plaintiff's motion for leave to proceed on his proposed Second Amended Complaint (SAC). See ECF Nos. 46, 47 (duplicated at ECF Nos. 58, 59). Defendant Voss has filed an opposition, ECF No. 48, which remaining defendants Southward and Stambaugh have joined, ECF No. 49; plaintiff has filed a reply. ECF No. 57. Also pending is

plaintiff's motion to compel discovery, ECF No. 52, which defendants Southward and Stambaugh oppose, ECF No. 53. For the reasons that follow, the court grants plaintiff's motion to proceed on his SAC, as construed herein, and denies without prejudice plaintiff's discovery motion. The court directs plaintiff to submit the information necessary for the United States Marshal to serve process on newly identified defendants Croley, Mrozinski, Mencias, Ogle and Mundy, and will issue an amended Discovery and Scheduling Order after all of the defendants have responded to the SAC.

    II.        <u>Motion to Proceed on Second Amended Complaint</u>

        A.       <u>Legal Standards</u>

A court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 861 (9th Cir. 2003) (citing <u>Lopez v. Smith</u>, 203 F.3d 1130, 1131 (9th Cir. 2000) (en banc)), <u>cert. denied</u>, 541 U.S. 1063 (2004). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. . . . Undue delay . . . is insufficient to justify denying a motion to amend." <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

Rule 16 authorizes modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) (further citations omitted).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
1984).

          B.      Analysis

The proposed SAC identifies three of the four "Doe" defendants against whom plaintiff made allegations in his FAC.  When this court screened the FAC and dismissed the Doe defendants without prejudice, plaintiff was informed that should he "later learn the identity of a Doe defendant, through discovery or other means, he may move to file a further amended complaint to add the newly-named defendant[s]."  ECF No. 14 at 2 (citation omitted).  The undersigned's careful comparison of the FAC and proposed SAC demonstrates that plaintiff has now identified "Sergeant John Doe 1" as Sergeant Croley (Badge #96), and "John Doe 2" as Officer Mrozinski (Badge #945).  The consistent allegations of the FAC and proposed SAC support the substitution of defendants Croley and Mrozinski for John Does 1 and 2, on claims for the use of excessive force in violation of the Eighth Amendment.  These claims should relate back to the date of the original pleadings.  See Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff has also now identified "Jane Does 1 and 2" as RN Mencias and Nurse "L."  In both the FAC and proposed SAC plaintiff alleges that these nurses facilitated the use of excessive force by custodial staff by persisting in their attempts to assess plaintiff's "vitals" against his will, despite a written policy of the Sacramento County Sheriff's Office that accords arrestees the right to refuse such assessments.  The consistent allegations of the FAC and proposed SAC support the substitution of defendant RN Mencias for Jane Doe 1 based on an Eighth Amendment claim for failing to protect plaintiff against the use of excessive force.  This claim should relate back to the date of the original pleadings.  See Fed. R. Civ. P. 15(c)(1)(B).  However, because Nurse "L" remains unidentified, Jane Doe 2 may not be substituted.

The court further finds that the SAC states newly cognizable excessive force claims against newly named defendants Ogle and Mundy.  See ECF No. 47 at 5-6.  These defendants allegedly used direct excessive force against plaintiff.  Due to the circumstances of the alleged

3

assault against plaintiff by several officers at the same time, plaintiff previously (but not unreasonably) misidentified Stambaugh, rather than Mundy, as the officer who pushed plaintiff's head to the floor (cf. ECF No. 12 (FAC) at 6 and ECF No. 47 (SAC) at 6), and identified Southward, rather than Ogle and Stambaugh, as the officers pushing plaintiff's legs and feet to the ground (cf. FAC at 4 and SAC at 5). The claims against Ogle and Mundy should also relate back to the date of the original pleadings. See Fed. R. Civ. P. 15(c)(1)(C).

In light of the consistent allegations of the FAC and SAC, the court finds that the substitution of three Doe defendants and addition of two newly identified defendants does not unduly prejudice any defendant, is not sought in bad faith, and is not futile. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Nor does the court find undue delay. Although plaintiff does not inform the court when he learned the true identities of the new defendants, he filed his motion within a month after cancellation of the settlement conference. Due to the workload of this court, plaintiff's original complaint, filed in May 2014, was not screened until October 2014, when it was dismissed with leave to amend. Plaintiff filed his FAC within the next three weeks, but this court did not screen it until June 2015. Plaintiff then promptly submitted the information necessary for the United States Marshal to serve process on defendants but defendant Voss challenged her service of process, extending this case for an additional eighteen months. Thereafter, the court set a settlement conference, which was cancelled at the request of defendants, suspending this case unnecessarily for a period of five weeks during the period for discovery. These factors do not demonstrate undue delay on plaintiff's part.

For all these reasons, the undersigned finds that this action should proceed on the SAC on plaintiff's Claim Two in full (excessive force against defendant Croley), Claim Three in full (excessive force against defendants Mrosinski, Mundy, Ogle), and Claim Four in full (excessive force against defendants Stambaugh and Southward); and on plaintiff's Claim Five in part (failure to protect against defendant Mencias, but not Nurse "L").

Additionally, in Claim One of the SAC, plaintiff broadly alleges that Sacramento County

Sheriff Scott R. Jones failed to train staff to comply with the department's intake policy making optional an arrestee's compliance with initial health screening.[1] Plaintiff alleges that, "[a]s a result of not following this policy," his rights to due process, equal protection, to be free from the excessive use of force and from unreasonable searches and seizures were violated, and that he was denied his rights to noncompulsory free speech, the presence of an attorney, and against self-incrimination. Plaintiff also alleges deliberate indifference to his medical and psychological needs. Plaintiff asserts that these matters state a claim against Jones under California's Bane Civil Rights Act, California Civil Code §52.1. However, the court has previously rejected plaintiff's effort to add a state law claim under the Bane Civil Rights Act, as well as his attempt to name Sacramento County Sheriff Scott Jones as a defendant in this action. See ECF No. 41. For the reasons previously identified by the court, id., plaintiff's Claim One and defendant Jones should be dismissed from this action.

Finally, in Claim Six of the SAC, plaintiff alleges that defendant Voss, as well as putative defendants N.J. #344, Pane #496, Cunningham #789, and Gallinano #267, "integrally participated in the excessive use of force" against plaintiff. See ECF No. 47 at 11. Elsewhere in the SAC plaintiff alleges that defendant Voss videotaped the challenged incident, id. at 4, and that "N.J. #344" monitored the isolation cell where plaintiff was placed after the incident, although the cell video "has not been located," id. at 7. The court has previously found that plaintiff's allegations against defendant Voss state a cognizable failure-to-protect claim, and so construes plaintiff's instant "integral participant" allegation against Voss. However, the SAC contains no relevant or cognizable factual allegations against any of the other putative defendants. Accordingly, plaintiff's Claim Six is construed as limited to his failure-to-protect claim against defendant Voss; all other defendants named in the claim should be dismissed.

---

[1] Plaintiff cites and quotes "Sheriff's Intake Screening Policy," Section II.(H), as follows, see ECF No. 47 at 8:
> In situations where the arrest is unable to refuses to respond to the receiving screening questions, health personnel shall visually examine the subject for obvious or noticeable medical problems. If the subject is accepted for incarceration, the from shall be completed at a later time when the subject become cooperative . . . .

5

### III. Summary

The court's assessment allows the SAC to proceed on plaintiff's Claims Two (excessive force against defendant Croley), Three (excessive force against defendants Mrosinski, Mundy, Ogle), and Four (excessive force against defendants Stambaugh and Southward) in full; and to proceed in part on plaintiff's Claim Five (failure to protect against defendant Mencias, but not Nurse "L"), and on plaintiff's Claim Six (failure to protect against defendant Voss, but no others). The undersigned will recommend that plaintiff's Claim One and defendants Sheriff Jones, Nurse "L," N.J. #344, Pane #496, Cunningham #789, and Gallinano #267, be dismissed from this action without prejudice.

### IV. Motion to Compel Discovery

The factors supporting amendment of the complaint also support an extension of the discovery and motion deadlines after the newly identified defendants have been served process and all defendants have responded to the SAC. Because there will be further opportunity for discovery in this case, plaintiff's pending discovery motion, ECF No. 50, will be denied without prejudice as premature.

### V. Conclusions

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed on his proposed Second Amended Complaint, ECF No. 46, is granted in part.

2. This action shall proceed on the Second Amended Complaint (SAC) filed November 15, 2017, see ECF No. 47, on plaintiff's excessive force claims (Claims Two through Four) against defendants Southward, Stambaugh, Croley, Mrosinski, Ogle and Mundy, and on plaintiff's failure-to-intervene claims(Claims Five and Six, in part) against defendants Mencias and Voss, respectively.

3. Plaintiff's duplicative motion and proposed SAC, ECF Nos. 58-9, shall be stricken by the Clerk of Court.

4. Plaintiff's motion for extended time, ECF No. 51, is denied as moot.

5. Plaintiff's motion to compel discovery, ECF No. 50, is denied without prejudice.

| | |
|---|---|
| 1 | 6. Plaintiff's motion to strike defendants' opposition to his discovery motion, ECF No. |
| 2 | 56, is denied as moot. |
| 3 | 7. Service of process of the SAC is appropriate for newly named defendants Croley, |
| 4 | Mrosinski, Mundy, Ogle, and Mencias. |
| 5 | 8. The Clerk of the Court is directed to send plaintiff five USM-285 forms, one summons, |
| 6 | an instruction sheet, and one copy of the endorsed SAC (ECF No. 47). |
| 7 | 9. Within thirty (30) days after service of this order, plaintiff shall complete the attached |
| 8 | Notice of Submission of Documents and submit the following documents to the court: |
| 9 |     a. The completed Notice of Submission of Documents; |
| 10 |     b. One completed summons; |
| 11 |     c. Five completed USM-285 forms (one each for defendants Croley, Mrosinski, |
| 12 | Mundy, Ogle, and Mencias). |
| 13 | 10. Plaintiff shall not attempt service on defendants or request waiver of service. Upon |
| 14 | receipt of the above-described documents, the court will direct the United States Marshal to serve |
| 15 | process on the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without |
| 16 | payment of costs. |
| 17 | 11. The newly served defendants shall file and serve their responses to the SAC within |
| 18 | the time prescribed by Fed. R. Civ. P. 12; defendants Voss, Stambaugh and Southward shall file |
| 19 | and serve their responses to the SAC within 14 days after the district judge adopts the |
| 20 | undersigned's following findings and recommendations, cf. Fed. R. Civ. P. 15(a)(3) (response |
| 21 | due 14 days after service of the amended pleading). |
| 22 | 12. The discovery and motion deadlines, see ECF No. 37, are vacated until further order |
| 23 | of this court; the current parties are free to continue conducting discovery pending issuance of a |
| 24 | further order. |
| 25 | Further, IT IS HEREBY RECOMMENDED that Claim One of the Second Amended |
| 26 | Complaint, and putative defendants Sacramento County Sheriff Scott R. Jones, Nurse "L," N.J. |
| 27 | #344, Pane #496, Cunningham #789, and Gallinano #267, be dismissed from this action without |
| 28 | prejudice. |

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: January 10, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>        Plaintiff,<br><br>  v.<br><br>STAMBAUGH, et al.,<br><br>        Defendants. | No. 2:14-cv-1170 WBS AC P<br><br><u>NOTICE OF SUBMISSION</u> |

    Plaintiff submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_        one completed summons form

    \_\_\_\_        five completed USM-285 forms (one each for defendants Croley, Mrosinski, Mundy, Ogle, and Mencias).

    \_\_\_\_        six copies of the endorsed SAC

_____    _____
Date                                                                   Plaintiff