``

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE, | No. 2:14-cv-1170 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| STAMBAUGH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 11, 2018, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff and defendants both filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, and the objections of both plaintiff and defendants, the court finds the findings and recommendations

to be supported by the record and by proper analysis, subject to the following additional considerations.

Effectively, the applicable statute of limitations in prisoner civil rights cases is not two years as argued by defendants. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). However, this limitations period is statutorily tolled for a period of two years for a person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). Additionally, in California, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Moreover, allowing this case to proceed on the Second Amended Complaint, as construed by the magistrate judge, is not futile on the grounds proffered by defendant. In computing the time within which service must be made pursuant to Cal. Code Civ. Proc. § 583.210, time is excluded during the periods when the "validity of service was the subject of litigation by the parties," as in the instant case for a period of eighteen months, and service "was impossible, impracticable, or futile due to causes beyond the plaintiff's control," as in the instant case during the periods attributable to the court's workload and attendant delays. See Cal. Code Civ. Proc. § 583.240(c), (d); see also ECF No. 61 at 4.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 11, 2018 are adopted in full;

2. Claim One of the Second Amended Complaint, and putative defendants Sacramento County Sheriff Scott R. Jones, Nurse "L," N.J. #344, Pane #496, Cunningham #789, and Gallinano #267, are dismissed from this action without prejudice; and

3. This case is referred back to the assigned magistrate judge for all further pretrial proceedings.

Dated:  April 18, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE