UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SPENCE,

        Plaintiff,

  v.

STAMBAUGH, et al.,

        Defendants.

No. 2:14-cv-1170 WBS AC P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. 1983. The Second Amended Complaint (SAC) challenges plaintiff's treatment when he was booked into the Sacramento County Main Jail on November 11, 2012.[1] See ECF Nos. 47, 61. This case has been subject to numerous delays since its filing through no fault of plaintiff. On June 7, 2019, the court stayed the action for a period of 120 days, and referred this case to the court's Post-Screening ADR Pilot Project for the purpose of scheduling a settlement conference. ECF No. 93. Despite the court's efforts to schedule the conference before a magistrate judge with whom plaintiff has had no prior interactions, and to

---

[1] This action proceeds on plaintiff's excessive force claims (Claims 2 through 4) against defendants Southward, Stambaugh, Croley, Mrosinski, Ogle and Mundy, and on plaintiff's failure to intervene claims (Claims 5 and 6, in part) against defendants Mencias and Voss respectively. See ECF No. 47 (SAC), ECF No. 61 (findings and recommendations), ECF No. 79 (order adopting findings and recommendations).

1

enable plaintiff to appear telephonically to minimize the risks associated with being transported temporarily to another facility, the scheduling of the conference proved problematic and plaintiff was transported to another facility unnecessarily.  Plaintiff has now filed a statement respectfully expressing his frustrations and requesting that this action proceed with discovery.  ECF No. 109.  Nevertheless, plaintiff "defers to the wisdom of the court to determine if an equitable settlement can be reached."  ECF No. 109 at 2.

In a further effort to promote and achieve a fair process and result in this case, the court orders as follows.  Within seven (7) days after the filing date of this order, counsel for defendants shall file and serve a *non-confidential* written statement informing the court and plaintiff whether they continue to believe a settlement conference would be helpful in this case.  If defendants wish to proceed with a settlement conference, they shall identify their combined black-out dates for the next four months, thus indicating all dates when all defense counsel are available to participate in a conference.  Should defendants wish to proceed with a settlement conference, the court will again endeavor to schedule a conference at which plaintiff can appear telephonically.

IT IS SO ORDERED.

DATED: August 28, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE