UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>        Plaintiff,<br><br>    v.<br><br>STAMBAUGH, et al.,<br><br>        Defendants. | No. 2:14-cv-1170 WBS AC P<br><br>ORDER |

Plaintiff's "request" filed September 26, 2019 is construed in part as a motion for discovery. Plaintiff states in pertinent part that he requires a duplicate video of his booking by Sacramento officials, which defendants previously produced to plaintiff in discovery.[1] As stated in the April 18, 2019 declaration of defense counsel Megan E. Nevin, "The incident involving Plaintiff was . . . taped by the surveillance cameras in the booking area of the jail. This footage has been produced to Plaintiff." ECF No. 78-1 at 2, ¶ 6. Plaintiff now explains that the video he previously obtained was lost by officials of the California Department of Corrections and Rehabilitation when plaintiff was temporarily transferred among institutions to attend a settlement conference in this case which was abruptly cancelled.

////

---

[1] There is no judicial recourse for plaintiff's pursuit of the loss of his personal items. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam).

1

| | |
|---|---|
| 1 | Accordingly, IT IS HEREBY ORDERED that: |
| 2 | 1. Plaintiff's request filed September 26, 2019, ECF No. 114, construed in pertinent part |
| 3 | as a motion for duplicate discovery, is granted. |
| 4 | 2. Defense counsel shall, within fourteen (14) days after the filing date of this order: |
| 5 | (a) provide plaintiff with a duplicate copy of his relevant booking video, and (b) file and serve a |
| 6 | statement so informing the court. |
| 7 | DATED: October 28, 2019 |

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE