Case 2:14-cv-01170-WBS-AC   Document 134   Filed 04/16/20   Page 1 of 4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>  Plaintiff,<br><br>  v.<br><br>STAMBAUGH, et al.,<br><br>  Defendants. | No. 2:14-cv-1170 WBS AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. §1983. This action proceeds on plaintiff's claims in the Second Amended Complaint against Sacramento City and County defendants related to plaintiff' booking into the Sacramento County Main Jail on November 11, 2012. ECF No. 47. The action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). Several matters are currently pending before this court.

  I.   Motion for Leave to File Third Amended Complaint

Plaintiff moves for leave to proceed on his proposed Third Amended Complaint (TAC), which is nearly identical to his Second Amended Complaint (SAC) with the principal exception that he has now identified defendant "Nurse L" as "LVN Leah Wong." The identification of this defendant was one of the matters addressed at the March 11, 2020 hearing in this case, and was subsequently disclosed by defendants, ECF No. 129 at 2.
1

A court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1130, 1131 (9th Cir. 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). Facts alleged in an amended complaint "must not be inconsistent with those already alleged." Lacey v. Maricopa County, 693 F.3d 896, 939 (9th Cir. 2012) (en banc). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

The undersigned finds that plaintiff's motion is brought in good faith, without undue delay or undue prejudice to defendants, that the facts alleged in the TAC are not inconsistent with those in the SAC, and that the addition of the newly added defendant is essential to resolving the merits of this case. Therefore, plaintiff's motion will be granted, and this case will now proceed on the TAC.

II. Discovery and Motion Deadlines

The last amended discovery and scheduling order set the following deadlines: January 31, 2020 for the close of discovery, and May 29, 2020, for the filing of dispositive motions. Because plaintiff has only recently been informed of the identity of "Nurse L," who was present at the incident challenged in this case, it appears that limited additional discovery may be warranted. The parties will be directed to file and serve, within thirty (30) days, a statement indicating whether they require additional discovery and, if so, a description of that discovery and from whom it is sought, and the estimated length of time to obtain it. Thereafter the court will consider whether to extend one or more deadlines in this case, if only for a limited purpose.

III. Plaintiff's Motion to Strike and for Sanctions

Plaintiff moves to strike the declaration of Correctional Counselor (CC) Johnson, North Kern State Prison Litigation Coordinator, which was submitted by the specially-appearing Deputy Attorney General in response to the court's request for information about CDCR's initial refusal

to permit plaintiff to view a DVD produced to him in discovery.  See ECF No. 119-1.  Plaintiff contends that the facts alleged in Johnson's declaration proved false, as plaintiff had initially asserted (ECF No. 121), and as demonstrated by CDCR later making the DVD available to plaintiff.  Plaintiff asks this court to admonish Johnson, strike his declaration, and impose both "a nominal fine for contempt of court" and "a substantial sanction for perjury."  ECF No. 130.

Plaintiff's motion will be denied in its entirety.  Neither CDCR nor Johnson are defendants in this action, and there is no indication that Johnson acted in bad faith.  Plaintiff even concedes that, "[f]or the record Johnson has only been in litigation for a year in training."  ECF No. 121 at 4.  Moreover, the declaration was submitted in response to the court's request for information necessary to resolve plaintiff's motion to compel discovery.  That dispute has been resolved in plaintiff's favor and is now moot.  The undersigned finds no grounds for admonishing or otherwise sanctioning nondefendant Johnson.

Finally, in light of defendants' compliance with the court's rulings at the March 11, 2020 hearing, with the cooperation of CDCR, ECF No. 129, the court will deny as moot plaintiff's prior related discovery motions, ECF Nos. 117, 120.

IV.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed on his proposed Third Amended Complaint, ECF No. 131, is granted.

2. This action shall now proceed on the Third Amended Complaint (TAC) at ECF No. 132.

3. Counsel for newly identified defendant LVN Leah Wong shall file and serve a waiver of service of the TAC for Wong within thirty (30) days after the filing date of this order.

4. Defendants shall file and serve their answers to the TAC within thirty (30) days after the filing date of this order.

5. Plaintiff and counsel for both groups of defendants shall, within thirty (30) days after the filing date of this order, separately file and serve a statement indicating whether they require

////

additional discovery and, if so, a description of that discovery, from whom, and the estimated length of time to propound it and receive responses.

6. In light of defendants' compliance with the court's rulings at the March 11, 2020 hearing, ECF No. 129, plaintiff's earlier related motions, ECF Nos. 117, 120, are denied as moot.

7. Plaintiff's motion to strike the declaration of CC Johnson and for sanctions, ECF No. 130, is denied.

DATED: April 15, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE