UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>STAMBAUGH, et al.,<br><br>    Defendants. | No. 2:14-cv-1170 WBS AC P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. §1983. This action proceeds on plaintiff's claims in the Third Amended Complaint against Sacramento City and Sacramento County defendants, related to plaintiff's booking at the Sacramento County Main Jail on November 11, 2012. ECF No. 132. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

    By order filed April 16, 2020, the undersigned directed the parties to address the need for any further limited discovery related to the recent identification of defendant Leah Wong, who was previously identified only as "Nurse L." ECF No. 134. Discovery closed in this action on January 31, 2020. ECF No. 113. The parties have responded. ECF Nos. 136, 137.

    Plaintiff's response seeks 90 days of further discovery directed at defendant Wong as well as defendant Croley and nondefendant Sheriff Jones. Defendants oppose plaintiff's request on

the grounds that this court previously found that this action does not state a claim against Jones; plaintiff has had sufficient time to pursue discovery as to defendant Croley; and because "[a]ny discovery in relation to Wong is unnecessary as Defendants have already provided all information about her in prior discovery responses." ECF No. 137 at 4.

Defendants' arguments are well taken. The undersigned has repeatedly found that this action fails to state a cognizable claim against Jones. See e.g. ECF No. 61 at 5 (citing ECF No. 41). In addition, plaintiff had nearly five months to conduct discovery as to defendant Croley. See ECF No. 113 (Amended Discovery and Scheduling Order filed September 6, 2019, extending discovery to January 31, 2020). For these reasons, plaintiff's requests as to Jones and Croley will be denied.

Plaintiff seeks only limited discovery from defendant Wong: "(1) Two interrogatories (based on compliance) on training and her report and notes. (2) One admissions on same (if necessary). (3) No request for production, unless relevant documents are referenced/identified." ECF No. 136 at 3. Plaintiff will be permitted this limited discovery on the schedule provided herein.

Plaintiff shall propound the two referenced interrogatories on defense counsel within two weeks after service of this order; defendant Wong shall respond to the interrogatories within three weeks. Two weeks after receiving Wong's response, plaintiff may propound a request for admissions and/or request for production of documents OR inform the court that he seeks no further discovery from Wong.

The court notes defendants' pending motion to strike three defendants from this action, which was filed and served on May 1, 2020. ECF No. 135. Under Local Rule 230(l), plaintiff's response must be served and filed within twenty-one (21) days after the date of service of defendants' motion.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for additional discovery, ECF No. 136, is granted in part and denied in part.

////

      2. Within fourteen (14) days after service of this order, plaintiff shall serve on defense counsel his two interrogatories for defendant Wong.

      3. Defendant Wong shall serve her responses to plaintiff's interrogatories within twenty-one (21) days after they were served on defense counsel.

      4. Within fourteen (14) days after service of defendant Wong's responses, plaintiff shall serve any related requests for admissions and/or request for production of documents, <u>OR</u> plaintiff shall file and serve a statement informing the court that he seeks no further discovery from defendant Wong.

      5. If plaintiff serves requests for admissions and/or production on defendant Wong, her responses are due within fourteen (14) days thereafter.

      6. No extensions of time on these matters will be granted absent a showing of extraordinary cause.

      IT IS SO ORDERED.

DATED: May 11, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE